# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**RODOSVALDO CARMENATE-POZO,**

    **Petitioner,**

    **v.**                         **Case No. 18-CV-693**

**DALE SMITH,**

    **Respondent.**

---

## RULE 4 ORDER

---

Rodosvaldo Carmenate-Pozo, a citizen of Cuba currently detained at the Dodge County Detention Facility, filed a petition pursuant to 28 U.S.C. § 2241. Although the facts stated in the petition are not entirely clear, it appears that Carmenate-Pozo is subject to a Final Order of Removal, and has been detained for more than six months. (Docket # 6, Docket # 7.) Pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), a presumptively reasonable period of detention for purposes of removal should not exceed six months. Once that period expires, and once the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.*

Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Based on the allegations in the petition, I cannot conclude that Carmenate-Pozo is plainly not entitled to relief. Accordingly, I will require the respondent to answer the petition.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1.    Within **30 days** of entry of this Order, respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.    If respondent files an answer, then the parties should abide by the following briefing schedule:

a.    Petitioner shall have **30 days** after the filing of respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued.

b.    Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within **30 days** of service of petitioner's brief, or within **45 days** from the date of this order if no brief is filed by petitioner.

c.    Petitioner may then file a reply brief, if he wishes to do so, within **10 days** after respondent has filed a response brief.

3.    If respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a.    Petitioner shall have **30 days** following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b.       Respondent shall have **15 days** following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 8th day of June, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge